IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00211–EWN–MJW

CONSUMER CRUSADE, INC.,

Plaintiff

v.

JD&T ENTERPRISES, INC., d/b/a
TRAVEL TO GO, a California corporation,
and JEANETTE C. BUNN,
its Officers and Directors,

Defendants.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

This is a Telephone Consumer Protection Act case.  Plaintiff Consumer Crusade, Inc. alleges that Defendants JD&T Enterprises, Inc., d/b/a Travel to Go and Jeanette C. Bunn violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by sending unsolicited advertisements via telephone facsimile machines.  This matter is before the court on (1) "Motion to Dismiss of Defendants JD&T Enterprises, Inc., d/b/a Travel to Go and Jeanette C. Bunn," filed March 25, 2005; (2) "Supplemental Motion to Dismiss of Defendants JD&T Enterprises, Inc., d/b/a Travel to Go and Jeanette C. Bunn," filed April 8, 2005; (3) "Motion for Leave to File a Supplemental Memorandum of Law in Support of the Supplemental Motion to Dismiss of Defendants JD&T Enterprises, Inc. and Jeanette C. Bunn," filed September 30, 2005; and (4)

1

"Motion for Leave to File a Supplemental Memorandum of Law Concerning Assignability of TCPA Claims," filed October 13, 2005.  Jurisdiction is based on 28 U.S.C. §§ 1331, 1332 (2005).

**FACTS**

*1.     Factual Background*

The following facts are taken from Plaintiff's complaint and the parties' submissions with respect to this Order and Memorandum of Decision.  Plaintiff alleges that Defendants violated the TCPA "in connection with the sending of unsolicited advertisements via telephone facsimile machines."  (Compl. at 1 [filed Feb. 3, 2005] [hereinafter "Compl."].)  Plaintiff is in the business of selling discount travel packages to the general public.  (Resp. to Mot. to Dismiss at 5 [filed Apr. 14, 2005] [hereinafter "Pl.'s Resp."].)  Plaintiff contends that Defendants used Fax.com to send its facsimiles throughout the United States.  (*Id.* at 6.)

"[N]umerous Colorado residents and business" assigned Plaintiff their claims based upon the alleged TCPA violations.  (Compl. at 1.)  Plaintiff alleges that "Defendants have used a telephone facsimile machine, computer or other device to send 735 unsolicited advertisements to telephone facsimile machines in the State of Colorado owned by Plaintiff's assignors . . . ."  (*Id.* ¶ 13.)  Defendants deny these allegations.

*2.     Procedural History*

On February 3, 2005, Plaintiff filed its complaint in this court.  (Compl.)  On March 25, 2005, Defendants filed a motion to dismiss.  (Mot. to Dismiss of Defs. JD&T Enter., Inc., d/b/a Travel to Go and Jeanette C. Bunn [filed Mar. 25, 2005]; Mem. of Law of Defs. JD&T Enter., Inc., d/b/a Travel to Go and Jeanette C. Bunn in Supp. of Their Mot. to Dismiss [filed Mar. 25, 2005] [hereinafter "Defs.' Br."].)  Defendants argue that "this [c]ourt lacks personal jurisdiction

over the [D]efendants, in that the [D]efendants have committed no acts within Colorado that subject them to jurisdiction under the Colorado long-arm statute." (*Id.* at 1.) In support, Defendants attach the affidavit of Jeanette Bunn, President of Defendant JD&T Enterprises, Inc., d/b/a Travel to Go. (*Id.*, Ex. A [Aff. of Jeanette Bunn].) On April 14, 2005, Plaintiff filed its response to Defendants' motion to dismiss. (Pl.'s Resp.) On May 2, 2005, Defendants filed a reply in support of their motion to dismiss. (Defs.' Reply to Pl.'s Resp. to Their Mot. to Dismiss on Ground of Lack of Personal Jurisdiction [filed May 2, 2005] [hereinafter "Defs.' Reply"].) This matter is fully briefed.

On April 8, 2005, Defendants filed a supplemental motion to dismiss. (Supplemental Mot. to Dismiss of Defs. JD&T Enter., Inc., d/b/a Travel to Go and Jeanette C. Bunn [filed Apr. 8, 2005]; Mem. of Law of Defs. JD&T Enter., Inc., d/b/a Travel to Go and Jeanette C. Bunn in Supp. of Their Supplemental Mot. to Dismiss [filed Apr. 8, 2005] [hereinafter "Defs.' Supplemental Br."].) Defendants argue that under Colorado law, Plaintiff does not have standing to assert its TCPA claims against Defendants because claims under the TCPA are not assignable. (*Id.* at 2.) On April 19, 2005, Plaintiff filed a response to Defendants' supplemental motion to dismiss. (Pl.'s Resp. to Supplemental Mot. to Dismiss [filed Apr. 19, 2005] [hereinafter "Pl.'s Resp. to Supplemental Br."].) On May 3, 2005, Defendants filed a reply in support of their supplemental motion to dismiss. (Reply Mem. in Supp. of the Supplemental Mot. to Dismiss of Defs. JD&T Enter., Inc., d/b/a Travel to Go and Jeanette C. Bunn [filed May 3, 2005] [hereinafter "Defs.' Reply to Supplemental Br."].) This matter is fully briefed.

On September 30, 2005, Defendants filed a motion for leave to file a supplemental memorandum in support of the supplemental motion to dismiss. (Mot. for Leave to File a

Supplemental Mem. of Law in Supp. of the Supplemental Mot. to Dismiss of Defs. JD&T Enter., Inc. and Jeanette C. Bunn [filed Sept. 30, 2005].) Defendants attached a proposed supplemental memorandum. (*Id.*)

## ANALYSIS

### 1. *Standard of Review*

Defendants move to dismiss Plaintiff's complaint for lack of personal jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6). (Defs.' Br; Defs.' Supplemental Br.)

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2) (2005). Where the district court's disposition of a motion to dismiss for lack of personal jurisdiction is based upon affidavits and other written materials, and the district court does not hold an evidentiary hearing, "a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction." *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). In this analysis, the "well pled facts of the complaint must be accepted as true if uncontroverted by the defendant's affidavits . . ." *Id.*

For the purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should only dismiss the claim "'when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff.'" *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 [10th Cir. 1997]). "'The court's function on a Rule 12(b)(6) motion is not to

weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Id.* (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 [10th Cir. 1999]).

## *2.    Defendants' Motion to Dismiss for Lack of Personal Jurisdiction*

In order for a court to obtain jurisdiction over a non-resident defendant in a diversity action, Plaintiff must establish that (1) jurisdiction is proper under the laws of the forum state, and (2) the exercise of jurisdiction does not offend due process. *Doering v. Copper Mountain, Inc.*, 259 F.3d 1202, 1209 (10th Cir. 2001). Under Colorado law, personal jurisdiction exists only if the requirements of both the state long-arm statute, and due process of law are satisfied. *D & D fuller CATV Constr., Inc. v. Pace*, 780 P.2d 520, 523 (Colo. 1989). The Colorado long-arm statute confers jurisdiction to the fullest extent consistent with due process of law. *Waterval v. Dist. Court In and For El Paso County*, 620 P.2d 5, 8 (Colo. 1980). Consequently, because the long-arm statute imposes no greater limitation than federal due process, I proceed directly to the constitutional analysis. *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998).[1]

"Consistent with due process, a court may exercise personal jurisdiction over a nonresident defendant if minimum contacts exist between the defendant and the forum state such

---

[1] The analysis is the same regardless whether Plaintiff asserts diversity jurisdiction or federal question jurisdiction. In a case such as this, where the federal question arises under a statute that does not provide for nationwide service of process, Rule 4(e) of the Federal Rules of Civil Procedure requires a court to look to the forum state's long arm statute to determine the existence of personal jurisdiction. *Lorelei Corp. v. County of Guadalupe*, 940 F.2d 717, 719–20 (1st Cir. 1991); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626–27 (11th Cir. 1996). As stated above, Colorado's long-arm statute is co-extensive with the Fourteenth Amendment's due process standard, thus, the personal jurisdiction analysis is the same in this case regardless of whether the court's subject matter jurisdiction rests on federal question jurisdiction or diversity jurisdiction.

5

that maintenance of the lawsuit would not offend 'traditional notions of fair play and substantial justice.'" *Doering*, 259 F.3d at 1210 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 [1980]).  The minimum contacts standard may be met in one of two ways: (1) specific jurisdiction or (2) general jurisdiction.  *Id.*

Specific jurisdiction is predicated on a "defendant's minimum contacts with the forum which give rise to the cause of action."  *Kennedy v. Freeman*, 919 F.2d 126, 128 n.2 (10th Cir. 1990).  In other words, specific jurisdiction applies when the defendant has a certain amount of minimum contacts with the forum state, when these minimum contacts relate to the cause of action.  *See Black's Law Dictionary* 857 (7th ed. 1999).  General jurisdiction, on the other hand, "arises when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts."  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).  Thus, with regards to general jurisdiction, if the defendant has a sufficient general connection with the forum state, the defendant need not have any connection with the forum state with regards to the particular cause of action in the lawsuit.  *See Black's Law Dictionary* 856 (7th ed. 1999).  I do not need to address general jurisdiction because Plaintiff alleges that this court only has specific jurisdiction over Defendants.[2]

When a district court rules on a motion to dismiss without holding an evidentiary hearing, as in this case, the *prima facie* standard governs its determination.  *Federal Deposit*, 959 F.2d at

---

[2]While Plaintiff does not specifically state that this court only has specific jurisdiction over Defendants, it is evident from Plaintiff's response to Defendants' motion to dismiss.  (Pl.'s Resp. at 3–9.)  Plaintiff only mentions "general jurisdiction" one time and does not attempt to establish that Defendants have "'continuous and systemic activity, unrelated to the suit, in the forum state.'" *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001) (quoting *Helicopteros*, 466 U.S. at 416).  Each of the alleged minimum contacts that Plaintiff contends Defendants have with Colorado are those minimum contacts that relate to this cause of action.

6

174. Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). "Only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). If parties present conflicting affidavits in support of jurisdiction, the court must resolve all disputed facts and draw all reasonable inferences in the plaintiff's favor. *See Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984). Affidavits submitted in support of or in opposition to the motion to dismiss for lack of jurisdiction must comply with the requirements of Rule 56(e). *Federal Deposit*, 959 F.2d at 175 n.6. "While Rule 56(e) addresses affidavits submitted in support of or in opposition to summary judgment motions, its requirements of personal knowledge, admissible facts, and affirmative showing of competency apply to affidavits submitted in support of or in opposition to motions to dismiss on jurisdictional grounds." *Id.*

Here, Plaintiff's complaint alleges that Defendants sent unsolicited facsimiles to residents and businesses in Colorado. (Compl. ¶¶ 13, 21.) Defendants deny that it sent any unsolicited facsimiles to any businesses or residents in Colorado. (Defs.' Br. at 8–10.) In support, Defendants submit the affidavit of Defendant Jeanette Bunn, wherein she states that "[a]t no time in the course of its business, has Travel to [sic] sent [facsimile] advertisements to anyone, much less to recipients in the State of Colorado." (*Id.* [Aff. of Bunn].) In Plaintiff's response to Defendants' motion to dismiss, Plaintiff provides the court with a list of alleged jurisdictional contacts that Defendants allegedly have with Colorado in an effort to establish specific jurisdiction. (Pl.'s Resp. at 5–13.) In support of each of these allegations, Plaintiff provides the

7

affidavit of Francis R. Salazar, Plaintiff's litigation director.  (*Id.* at 9.)  Defendants' affidavit specifically contradicts Plaintiff's affidavit.

I decline to accept Salazar's affidavit.  While the general rule on this type of motion is to resolve all conflicts in the parties' affidavits in favor of Plaintiff, here, Salazar's affidavit does not comply with Rule 56(e).  *See Federal Deposit*, 959 F.2d at 173.  First, Salazar's statements with respect to the alleged jurisdictional contacts and unsolicited facsimiles are based on information from others and not personal knowledge.  As stated above, Rule 56(e) requires that affidavits be based on personal knowledge and admissible facts.  *Id.* at 175 n.6.  Salazar never personally received any facsimile advertisement in Colorado nor did the business receive any facsimile advertisement.  (Pl.'s Resp., Aff. of Salazar.)  Instead, Salazar states that he has "personally investigated, and reviewed materials related to the unsolicited [facsimile] advertising activities of [Defendant] JD&T Enterprises, Inc. d/b/a Travel to Go and the role of such activities played by [Defendant] Bunn."  (*Id.*, Aff. of Salazar ¶ 2.)  In fact, Plaintiff is an assignee of the rights of recipients of alleged unsolicited facsimiles.  (*Id.*, Aff. of Salazar ¶ 6.)  Plaintiff did not produce the affidavit of a single facsimile recipient showing that the recipient (1) resided in Colorado, (2) received a specific advertisement by facsimile in Colorado, and (3) did not request such advertisement or facsimile.  Rather, Plaintiff relies on Salazar's affidavit where he states that the assignors received the facsimiles in question and that they "constitute the business records of [Plaintiff]."  (*Id.*, Aff. of Salazar ¶ 2.)  The affidavit is based on hearsay statements and documents.  *See Cherry Commc'n, Inc., v. Coastal Telephone Co.*, 906 F. Supp. 452, 454–55 (N.D. Ill. 1995) (the plaintiff's affidavit based on information from others is based on hearsay and is not based on personal knowledge).

Contrary to Plaintiff's position, these facsimiles cannot constitute business records of Plaintiff, and thus, cannot constitute an exception to the hearsay rule. In order to satisfy the business records exception to the hearsay rule, Plaintiff must establish the following: (1) the records were created contemporaneously with the events and kept in the course of a regularly conducted business activity; and (2) it must be the regular practice of that business activity to make the record. Fed. R. Evid. 803(6); *Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1090 (10th Cir. 2001). Plaintiff allegedly received these facsimiles from Plaintiff's assignors, thus, Plaintiff cannot show it was the regular practice of Plaintiff's business to make the records. Accordingly, I decline to accept Salazar's affidavit consisting of hearsay statements on important facts relating to personal jurisdiction.

Second, even assuming Salazar's affidavit is based on personal knowledge and does not consist of hearsay statements, Plaintiff's reliance on alleged unsolicited facsimiles appended to Salazar's affidavit and Plaintiff's response to Defendants' motion to dismiss are improper because the documents are not authenticated by the affidavit in compliance with Rule 56(e). (*Id.*, Ex. C [Facsimiles], Aff. of Salazar ¶ 2, 6.) Rule 56(e) provides that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Fed. R. Civ. P. 56(e). Thus, Rule 56(e) requires Plaintiff to identify under oath, the source of the documents and to aver that they had not been altered. *Taylor v. Principi*, 141 Fed. Appx. 705, 708 (10th Cir. 2005). Plaintiff did not satisfy either of these requirements. Instead, Salazar's affidavit simply states "[a]ll of the unsolicited facsimiles received by Plaintiff's assignors, . . . constitute the business records of [Plaintiff]." (Pl.'s Resp., Aff. of Salazar ¶ 6.) Accordingly, Plaintiff's reliance on these alleged unsolicited facsimiles to support jurisdiction is improper.

9

Finally, Plaintiff asserts that the Federal Communications Commission ("FCC") citation attached as exhibits A and B to Plaintiff's response to Defendants' motion to dismiss establish the necessary minimum contacts with the "State of Colorado for purposes of establishing personal jurisdiction." (Pl.'s Resp. at 5–6.) First, the FCC citation does not mention Defendants' alleged activity in Colorado. (*Id.*, Ex. A [FCC Citation].) Second, the appendix to the citation does not indicate that any facsimile recipients reside in Colorado. (*Id.*, Ex. B [Appendix to FCC Citation].) Thus, Plaintiff cannot rely on these documents to establish jurisdiction over Defendants in Colorado. Accordingly, Plaintiff has not demonstrated that this court has jurisdiction over Defendants.

### *3.   Conclusions*

Based on the foregoing it is therefore ORDERED that:

1. Defendants' motion to dismiss (# 5) is GRANTED.

2. Defendants' motion to dismiss (# 22) is DENIED as moot.

3. Defendants' motion for leave to file a supplemental memorandum (# 66) is DENIED as moot.

4. Defendants' motion for leave to file a supplemental memorandum (# 72) is DENIED as moot.

5.       The clerk shall forthwith enter judgment in favor of Defendants and against Plaintiff, dismissing all claims without prejudice for lack of personal jurisdiction over Defendants. Defendants may have their costs by filing a bill of costs within eleven days of the date of this order.

Dated this 14th day of October, 2005.

BY THE COURT:

/s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge