IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00211–EWN–MJW


CONSUMER CRUSADE, INC., a Colorado corporation,

      Plaintiff,

v.

JD&T ENTERPRISES, INC.
d/b/a TRAVEL TO GO, a California corporation, and
JEANETTE C. BUNN, its Officer(s) and Director(s),

      Defendants.

---

## ORDER AND MEMORANDUM OF DECISION

---

      This is a Telephone Consumer Protection Act case.  Plaintiff Consumer Crusade, Inc.

alleges that Defendants JD&T Enterprises, Inc., d/b/a Travel to Go and Jeanette C. Bunn violated

the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by sending unsolicited

advertisements via telephone facsimile machines.  This matter is before the court on "Plaintiff's

Motion For Reconsideration and Request For Evidentiary Hearing," filed November 3, 2005.

Jurisdiction is based on 28 U.S.C. §§ 1331, 1332 (2006).

**FACTS**

The facts of this case are set forth in the court's October 17, 2005 order and memorandum of decision.  (Order and Mem. of Decision at 1–2 [filed Oct. 17, 2005] [hereinafter "Order"].) Familiarity therewith is assumed.

On March 25, 2005, Defendants filed a motion to dismiss.  (Mot. to Dismiss of Defs. JD&T Enters., Inc., d/b/a Travel to Go and Jeanette C. Bunn [filed Mar. 25, 2005]; Mem. of Law of Defs. JD&T Enters., Inc., d/b/a Travel to Go and Jeanette C. Bunn in Supp. of Their Mot. to Dismiss [filed Mar. 25, 2005] [hereinafter "Defs.' Mot. to Dismiss"].)  Defendants argued that "this [c]ourt lacks personal jurisdiction over the [D]efendants, in that the [D]efendants have committed no acts within Colorado that subject them to jurisdiction under the Colorado long-arm statute."  (*Id.* at 1.)  In support, Defendants attached the affidavit of Defendant Bunn, President of Defendant JD&T Enterprises, Inc., d/b/a Travel to Go.  (*Id.*, Ex. A [Aff. of Def. Bunn].)  On April 14, 2005, Plaintiff filed its response to Defendants' motion to dismiss.  (Resp. to Mot. to Dismiss at 5 [filed Apr. 14, 2005] [hereinafter "Pl.'s Resp to Mot. to Dismiss"].)  On May 2, 2005, Defendants filed a reply in support of their motion to dismiss.  (Defs.' Reply to Pl.'s Resp. to Their Mot. to Dismiss on Ground of Lack of Personal Jurisdiction [filed May 2, 2005] [hereinafter "Defs.' Reply to Mot. to Dismiss"].)

On October 17, 2005, the court issued an order granting Defendants' motion to dismiss. (Order.)  The court held that Plaintiff could not establish personal jurisdiction over Defendants. (*Id.* at 5–9.)  In support of jurisdiction, the parties submitted conflicting affidavits to support their respective positions.  (*Id.* at 8.)  The court declined to accept Plaintiff's affidavit because it did

not comply with Federal Rule of Civil Procedure 56(e).  (*Id.*)  Plaintiff's affidavit consisted

entirely of hearsay statements.  (Pl.'s Resp. to Mot. to Dismiss, Aff. of Salazar.)  Additionally,

Plaintiff appended unauthenticated facsimiles to its affidavit which did not comply with Rule

56(e).  (*Id.*, Aff. of Salazar.)  Thus, Plaintiff did not produce admissible evidence in support of

jurisdiction and Defendants' affidavit controverted the allegations in Plaintiff's complaint.  (Order

at 7–10.)  Accordingly, I dismissed Plaintiff's complaint for lack of jurisdiction.

On November 3, 2005, Plaintiff filed a motion for reconsideration of the court's October

17, 2005 order.  (Pl.'s Mot. for Recons. and Request For Evidentiary Hearing [filed Nov. 3,

2005] [hereinafter "Pl.'s Br."].)  Plaintiff asserts that: "(1) the [c]ourt failed to apply the correct

legal standard to the jurisdictional facts; (2) significant jurisdictional facts were uncontradicted by

the [D]efendants and therefore should have been accepted as true by the [c]ourt; [and] (3) the

[D]efendants and their counsel have misled this [c]ourt concerning jurisdictional facts."  (*Id.* at 3.)

On November 23, 2005, Defendants filed a response to Plaintiff's motion for reconsideration.

(Defs.' Opp'n to Pl.'s Mot. For Recons. [filed Nov. 23, 2005] [hereinafter "Defs.' Resp."].)  On

December 2, 2005, Plaintiff filed its reply in support of its motion for reconsideration.  (Pl.'s

Reply to Defs.' Opp'n to Pl.'s Mot. for Reconsideration [filed Dec. 2, 2005] [hereinafter "Pl.'s

Reply"].)  This matter is fully briefed.

## ANALYSIS

### 1.    *Standard of Review*

From the outset I note that Plaintiff has not set forth a proper ground for the court to

consider its motion for reconsideration.  Plaintiff does not cite to any rule of the Federal Rules of

Civil Procedure in support or guidance for its motion for reconsideration.  (Pl.'s Br., *passim*.)
Instead, Plaintiff devotes the majority of its brief to re-arguing Defendants' motion to dismiss and
attempting to submit new evidence in support of jurisdiction.  (*Id.*)

"'Although the Federal Rules of Civil Procedure do not explicitly provide for motions for
reconsideration, these motions are [normally] accepted as the offspring of [Federal Rule of Civil
Procedure] 59(e).'"  *Gregg v. Am. Quasar Petroleum Co.*, 840 F. Supp. 1394, 1401 (D. Colo.
1991) (quoting *Equal Employment Comm'n v. Foothills Title Guar. Co.*, Civ. A. No. 90–A–361,
1991 WL 61012, at *3 [D. Colo. Apr. 12, 1991], *aff'd*, 956 F.2d 277 [10th Cir. 1992]).  Rule
59(e) provides that "any motion to alter or amend judgment may be entered within [ten] days after
the entry of the judgment."  Fed. R. Civ. P. 59(e).  A motion to reconsider is only granted under
limited circumstances.

> [A] motion to reconsider would be appropriate where, for example,
> the [c]ourt has patently misunderstood a party, or has made a
> decision outside the adversarial issues presented to the [c]ourt by
> the parties, or has made an error not of reasoning but of
> apprehension.  A further basis for a motion to reconsider would be
> a controlling or significant change in the law or facts since the
> submission of the issue to the [c]ourt.

*United States v. Ibarra*, 920 F.2d 702, 706 n.3 (10th Cir. 1990) (quoting *Above the Belt, Inc. v.
Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 [E.D. Va. 1983]), *cert. granted and judgment
vacated on other grounds*, 502 U.S. 1 [1991]).  "Such problems rarely arise and the motion to
reconsider should be equally rare."  *Above the Belt, Inc.*, 99 F.R.D. at 101.

The Federal Rules of Civil Procedure do not offer Plaintiff an opportunity to re-argue its
case after the court has rendered a decision.  *See All West Pet Supply Co. v. Hill's Pet Prods.*

-4-

*Div., Colgate-Palmolive Co.*, 847 F. Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.").  A motion for reconsideration may be construed in one of two ways: "if filed within [ten] days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than [ten] days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).

Here, assuming Plaintiff intended to file its motion pursuant to Rule 59(e), its was timely filed.  The entry of judgment was entered on October 24, 2005, (Final J. [filed Oct. 24, 2005]), and Plaintiff filed its motion to alter or amend on November 3, 2005, (Pl.'s Br.), eight calendar days after the entry of judgment.[1]  Thus, I evaluate Plaintiff's motion pursuant to Rule 59(e).

**2.     Analysis Under Rule 59(e)**

"A Rule 59(e) motion to reconsider should be granted only 'to correct manifest errors of law or to present newly discovered evidence.'" *Benne v. Int'l Bus. Mach. Corp.*, 87 F.3d 419, 429 (10th Cir. 1996) (quoting *Comm. for the First Am v. Campbell*, 962 F.2d 1517, 1523 [10th Cir. 1992]).  A Rule 59(e) motion is appropriate where a party takes the position that the court misapplied the law or misunderstood the parties' position. *In re Ebel*, 120 F.3d 270, * 3 (10th

---

[1]My reference to "calendar days" refers to October 24, 2005 through November 3, 2005, excluding the intermediate Saturdays and Sundays.  Pursuant to Federal Rule of Civil Procedure 6(a) "[w]hen the period of time prescribed or allowed is less than [eleven] days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  Fed. R. Civ. P. 6(a) (2006).

Cir. July 30, 1997) (table).  Plaintiff argues that this court must reconsider its October 17, 2005

order and memorandum of decision because the court misapplied the law and Defendants

misrepresented the facts.  (Pl.'s Br. at 3.)  I evaluate Plaintiff's arguments below.

> ### a.      *The Court Did Not Make A Manifest Error in Applying the Law*

Plaintiff asserts that the court misapplied the law in two respects: (1) the court applied the

wrong legal standard; and (2) the court failed to acknowledge facts that were uncontroverted.

(Pl.'s Br. at 3–6.)  I evaluate Plaintiff's arguments in turn.

> ### (1)      *The Court Applied the Correct Legal Standard*

First, Plaintiff contends that the court applied the wrong legal standard when ruling on

Defendants' motion to dismiss because "[i]n this case the critical legal standard to be applied to

the facts herein is the provision of the Communications Act of 1934 . . . which defines the *extent*

of liability under the TCPA."  (*Id.* at 3–4 [emphasis in original].)  Additionally, Plaintiff asserts

that "whether or not [Defendants] had knowledge of the fax violations is irrelevant to the inquiry

concerning whether violations occurred in . . . Colorado, and whether [] [D]efendants can be

haled into court here for those violations under the Colorado long-arm statute."  (*Id.* at 4.)

Plaintiff's argument is misplaced.

As stated in my October 17, 2005 order and memorandum of decision, (Order at 6), when

a district court rules on a motion to dismiss for lack of jurisdiction without holding an evidentiary

hearing, as in this case, the *prima facie* standard governs its determination.  *Federal Deposit Ins.*

*Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).  Plaintiff "has the duty to

support jurisdictional allegations in a complaint by competent proof of the supporting facts if the

jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). "Only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). If parties present conflicting affidavits in support of jurisdiction, the court must resolve all disputed facts and draw all reasonable inferences in the plaintiff's favor. *See Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984). Affidavits submitted in support of or in opposition to the motion to dismiss for lack of jurisdiction must comply with the requirements of Rule 56(e). *Federal Deposit*, 959 F.2d at 175 n.6. "While Rule 56(e) addresses affidavits submitted in support of or in opposition to summary judgment motions, its requirements of personal knowledge, admissible facts, and affirmative showing of competency apply to affidavits submitted in support of or in opposition to motions to dismiss on jurisdictional grounds." *Id.*

Here, the parties submitted conflicting affidavits in support of their jurisdictional positions. In support of Plaintiff's jurisdictional allegations, Plaintiff provided the affidavit of Francis R. Salazar. (Pl.'s Resp. to Mot. to Dismiss at 9.) This affidavit did not comply with Rule 56(e) because: (1) it was not based on personal knowledge; (2) the affidavit was based on hearsay statements of others; and (3) the facsimiles appended to Salazar's affidavit were not authenticated in compliance with Rule 56(e). (Order at 9.) While the general rule in these matters is to resolve all conflicts in favor of Plaintiff, the court declined to accept Plaintiff's affidavit. (*Id.*) Therefore, Plaintiff did not submit any competent evidence in support of its conclusory allegations of

jurisdiction.  Accordingly, the court did not misapply the law in granting Defendants' motion to dismiss.

In reliance on the language of 47 U.S.C. § 227(b)(1)(c) Plaintiff devotes an excessive amount of energy to the proposition that "the ultimate liability for faxes which violate the TCPA lies with "the person 'on whose behalf' the faxes were sent."  (Pl.'s Br. at 3–4; Pl.'s Reply at 3–5.)  Plaintiff contends that if the court applied 47 U.S.C. § 227(b)(1)(c) to the jurisdictional inquiry, the outcome would necessarily be in Plaintiff's favor.  (*Id.*)  Plaintiff misstates and misunderstands the jurisdictional inquiry.  Irrespective of whether Plaintiff alleges that Defendants sent the facsimiles personally or that Defendants hired a company to send these facsimiles on their behalf, Plaintiff must prove these facts by competent evidence when controverted by Defendants' affidavits.  *Federal Deposit*, 959 F.2d at 174–75.  Here, Defendants challenged Plaintiff's jurisdictional allegations by admissible evidence and Plaintiff did not produce any admissible evidence in rebuttal.  Accordingly, the court applied the correct legal standard when ruling on Defendants' motion to dismiss, and Plaintiff's motion for reconsideration is denied with respect to this issue.

### *(2)*     *The Court Correctly Evaluated the Facts in Plaintiff's Complaint*

Second, Plaintiff asserts that to the extent any facts are uncontroverted, the court must accept them as true when determining whether "a *prima facie* case has been alleged against these [D]efendants."  (Pl.'s Br. at 4–5.)  Plaintiff asserts five facts which it alleges are undisputed and establish personal jurisdiction over Defendants: (1) a telephone facsimile machine was used to send 735 individual facsimiles to the facsimile machines of Colorado residents; (2) the contents of the facsimiles demonstrate that they contain advertisements; (3) each of the 735 facsimiles were

-8-

unsolicited; (4) Plaintiff is the assignee of the original recipients of the unsolicited facsimiles; and

(5) each facsimile constitutes a separate violation of the TCPA.  (Pl.'s Br. at 5.)

First, these facts are not "undisputed."  In their motion to dismiss Defendants disputed, by

competent evidence, that they did not send the faxes in question and did not know the identities of

the alleged facsimile recipients.  (Defs.' Mot. to Dismiss at 8–10, Ex. A [Aff. of Def. Bunn].)

Plaintiff did not submit competent evidence in opposition to Defendants' motion.  Thus, as stated

above, the court could not resolve these jurisdictional facts in Plaintiff's favor.

Even assuming each of these facts was undisputed as Plaintiff contends, these alleged

"undisputed" facts do not demonstrate personal jurisdiction over Defendants.  These facts do not

demonstrate that: (1) Defendants personally sent the facsimiles, or (2) someone on behalf of

Defendants sent the facsimiles.  Indeed, Plaintiff's motion for reconsideration suffers from the

same fatal flaw as its response to Defendants' motion to dismiss.  Plaintiff submits that simply

because some alleged Colorado residents received unsolicited facsimiles, they were necessarily

sent by Defendants or on Defendants' behalf.  The court cannot assume such facts as true when

they are controverted by Defendants' admissible evidence.  *See Federal Deposit*, 959 F.2d at

174–75.  Accordingly, the court did not misapply the law with respect to Plaintiff's alleged

undisputed facts.

### b. *Defendants' Alleged Conduct is Not An Appropriate Basis For a Rule 59(e) Motion*

Plaintiff devotes the majority of its brief to a section entitled "Defendants' Conduct." (Pl.'s Br. at 6–10.)  Plaintiff contends that the court should grant its motion for reconsideration because Defendants have misrepresented the facts.  (*Id.*)  Plaintiff's arguments amount to a personal attack on Defendants' counsel and their drafting skills.  (*Id.*)  Such arguments are not an appropriate basis of a Rule 59(e) motion.  Indeed, a Rule 59(e) motion is a mechanism for a party to present argument to the court based on manifest errors of law.  *See Benne*, 87 F.3d at 429.

Moreover, Plaintiff's section entitled "Defendants' Conduct," is an attempt to offer new evidence to support its jurisdictional allegations rather than direct the court to a manifest error of law.  Specifically, Plaintiff produces the deposition of Defendant Bunn — not previously submitted to this court.  (Pl.'s Br. at 7.)  A motion for reconsideration is not a mechanism for a party to advance new arguments or supporting facts.  *See Cashner*, 98 F.3d at 577; *see also Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Indeed, the parties deposed Defendant Bunn prior to the court's October 17, 2005 order and memorandum of decision.  (Pl.'s Br., Ex. A [Dep. of Def. Bunn].)  Thus, Plaintiff had access to this evidence before the court issued its ruling.

Further, Plaintiff offers four italicized statements in an effort to contradict the affidavit Defendants produced to support their motion to dismiss.  (Pl.'s Br. at 7–9.)  Plaintiff asserts that each of these statements "were taken from the appellate record in the action *Levitt v. Fax.com*, 383 Md. 141 (2004) . . . which directly contradict [sic] the [a]ffidavit of [Defendant] Bunn."  (*Id.*

at 8.)  Even assuming the facts in *Levitt* were somehow relevant to the instant case, Plaintiff

cannot produce new evidence in support of its motion for reconsideration which was available at

the time of the motion to dismiss.  *See Buell v. Sec. Gen. Life Ins. Co.*, 784 F. Supp. 1533 (D.

Colo. 1992).  A motion for reconsideration is not a second bite at the proverbial apple.  *Id.*

("Rule 59(e) motions . . . are directed at reconsideration, not initial consideration.").  Moreover,

the statements Plaintiff provides from *Levitt* — which purportedly dispute Defendant Bunn's

affidavit — do not appear in the Maryland Court of Appeals decision.  *See Levitt*, 383 Md. at

143.  Thus, even assuming it was appropriate for the court to entertain new evidence at this

juncture, Plaintiff has not produced the evidence or record upon which it relies.  Accordingly,

Plaintiff has not demonstrated that the court's ruling resulted in a manifest error of law and the

court properly granted Defendants' motion to dismiss.

**3.     *Conclusions***

Based on the foregoing it is therefore

ORDERED as follows:

Plaintiff's motion for reconsideration and request for evidentiary hearing (# 82) is

DENIED.

Dated this 22nd day of June, 2006

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge

-11-