IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00211–EWN–MJW

CONSUMER CRUSADE, INC., a Colorado corporation,

    Plaintiff,

v.

JD&T ENTERPRISES, INC.
d/b/a TRAVEL TO GO, a California corporation, and
JEANETTE C. BUNN, its Officer(s) and Director(s),

    Defendants.

---

**ORDER AND MEMORANDUM OF DECISION**

---

This matter comes before the court on "Defendants' Motion for Review of Clerk's Taxation of Costs" filed November 30, 2005. On October 17, 2005, I issued an order and memorandum of decision dismissing all of Plaintiff's claims without prejudice for lack of personal jurisdiction over Defendants. (Order and Memo. of Decision [filed October 17, 2005].) The order concluded that "Defendants may have their costs upon filing a bill of costs within eleven days of the date of this order." (*Id.* at 11.) On October 25, 2005, Defendants submitted a bill of costs, including exhibits itemizing the respective costs. (Bill of Costs [filed October 25, 2005] [hereinafter "Bill of Costs"].) Defendants requested $6,515.85 in total costs. (*Id.*) On November

22, 2005, the clerk of this court entered an award of costs in the amount of $1.50. (Award of Costs [filed November 22, 2005] [hereinafter "Award"].)

On November 30, 2005, Defendants filed a motion for review of the clerk's taxation of costs. (Defs.' Mot. for Review of Clerk's Taxation of Costs [filed November 30, 2005] [hereinafter "Defs.' Br."].) Defendants object to the clerk's award of $1.50 in costs. (*Id.*) Defendants request costs related to the discovery depositions associated with this case. (*Id.*) On December 20, 2005, Plaintiff filed a response to Defendants' motion for review of taxation. (Pl.'s Resp. to Defs.' Mot. for Review of Clerk's Taxation of Costs [filed December 20, 2005] [hereinafter "Pl.'s Resp."].) On December 22, 2005, Defendants filed a reply in support of their motion for review of taxation. (Defs.' Reply in Supp. of Mot. for Review of Clerk's Taxation of Costs [filed December 22, 2005] [hereinafter "Defs.' Reply"].)

> Rule 54(d)(1) provides that:
>
> costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . . Such costs may be taxed by the clerk on one day's notice. On motion served within [five] days thereafter, the action of the clerk may be reviewed by the court.

Fed. R. Civ. P. 54(d)(1) (2006). The party seeking costs bears the burden of establishing "the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002). Once the clerk has made his decision regarding the taxation of costs, "the party objecting to the clerk's taxation has the burden of persuading the court that it was proper." 10 Charles Alan Wright, Arthur r. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2679 (3d ed.

1998); *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005). Pursuant to 28 U.S.C. § 1920:

> [a] judge or clerk of court of the United States may tax as costs the following . . .
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case.

28 U.S.C. § 1920(2)–(4).

Here, the clerk entered an award of costs in the amount of $1.50. (Award.) This amount included only the costs of copying associated with the motion to dismiss. (Defs.' Br. at ¶ 9; Award.) Defendants request that the court reverse the clerk's award and award Defendants the entire amount requested in their Bill of Costs, including the costs associated with the depositions. (*Id.* at 4.) With the exception of the $1.50 awarded, all of Defendants' costs related to depositions Defendants took after filing their motion to dismiss. (*Id.* at ¶ 9.)

Under U.S.C. § 1920(2), the costs of transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing party. "[A] deposition is not obtained unnecessarily even if not strictly essential to the court's resolution of the case where the deposition is offered into evidence, is not frivolous, and is within the bounds of vigorous advocacy." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). Depositions taken merely for discovery are not taxable as costs. *Id.* at 1339. Despite the fact that Defendants did not use the depositions in the motions to dismiss, Defendants argue that because

of the scheduling deadline they had no choice but to conduct the depositions "to defend the case in the event the [c]ourt determined to deny the pending [m]otion to [d]ismiss." (Defs.' Br. at ¶ 10.) Specifically, Defendants aver the depositions were "necessarily obtained for purposes of establishing legal defenses that would have been raised . . . in the event the Court determined to deny the pending motion to dismiss." (*Id.* at ¶ 15.)

Defendants based their motions to dismiss on jurisdictional grounds. (Mot. to Dismiss of Defs. JD&T Enter., Inc., d/b/a Travel to Go and Jeanette C. Bunn [filed Mar. 25, 2005]; Supplemental Mot. to Dismiss of Defs. JD&T Enter., Inc., d/b/a Travel to Go and Jeanette C. Bunn [filed Apr. 8, 2005]). Defendants did not rely on any documents other than Plaintiff's complaint and an affidavit. Indeed, Defendants did not use any of the depositions in preparation for litigating the jurisdictional issue, and none of the depositions were cited in or attached to the motions to dismiss. Therefore, because the depositions were not entered into evidence, they are not taxable as costs. Even assuming Defendants did take and use the depositions in association with the motions to dismiss, Defendants acknowledge that the depositions were for discovery. (Defs.' Br. at ¶¶ 11, 15.) As stated above, depositions taken merely for discovery are not taxable as costs. *Callicrate*, 139 F. 3d at 1339. Accordingly, Defendants are not entitled to recover any costs associated with taking the depositions.

Based on the foregoing it is therefore

**ORDERED** that the motion for review of taxation of costs (#87) is DENIED.

Dated this 22nd day of June, 2006.

                                BY THE COURT:

                                s/ Edward W. Nottingham
                                EDWARD W. NOTTINGHAM
                                United States District Judge